# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

IN RE WALGREEN CO. DERIVATIVE
LITIGATION

Lead Case No. 1:13-cv-05471

Hon. Joan H. Lefkow

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement ("Stipulation") of the above-captioned derivative action (the "Action"), is entered into by: (a) Steamfitters Local #449 Retirement Security Fund, West Palm Beach Police Pension Fund, the Police Retirement System of St. Louis, and Miami Firefighters' Relief and Pension Fund (collectively, the "Derivative Plaintiffs"); (b) nominal defendant Walgreen Co. ("Walgreens" or the "Company"); and (c) James Skinner, Gregory Wasson, Janice Babiak, David Brailer, Steven Davis, William Foote, Mark Frissora, Ginger Graham, Alan McNally, Nancy Schlichting, and Alejandro Silva (collectively, the "Individual Defendants," and collectively with Walgreens, the "Defendants").[1] This Stipulation is intended by the Parties to fully, finally and forever compromise, resolve, discharge, and settle the Released Claims (as defined below), subject to the approval of the United States District Court for the Northern District of Illinois (the "Court").

### HISTORY OF THE LITIGATION AND THE SETTLEMENT PROCESS

A.    In June 2013, Walgreens entered into a settlement and Memorandum of Agreement with the Drug Enforcement Administration ("DEA") and the Department of Justice to resolve an investigation into the distribution and dispensing of oxycodone from a distribution center in Jupiter, Florida and from six Florida pharmacies (the "2013 DEA Settlement").

B.    On July 31, 2013, Walgreens shareholders Steamfitters Local # 449 Retirement Security Fund, West Palm Beach Police Pension Fund, and the Police Retirement System of St. Louis filed a derivative complaint alleging, *inter alia*, that the Walgreens board had breached its fiduciary obligations by failing to prevent the events that led to the settlement with the DEA. *See* Complaint, No. 13-5471 (N.D. Ill. July 31, 2013). On August 13, 2013,

---

[1] The Defendants collectively with the Derivative Plaintiffs shall be referred to as the "Parties."

Walgreens shareholder Miami Firefighters' Relief & Pension Fund filed a substantially similar derivative complaint. *See* Complaint, No. 13-5775 (N.D. Ill. Aug. 13, 2013).

C.     On August 16, 2013, the Derivative Plaintiffs filed a joint motion to consolidate the two derivative actions and to appoint co-lead plaintiffs and co-lead counsel. On September 13, 2013, the Court entered an order consolidating the actions, appointing the Derivative Plaintiffs as co-lead plaintiffs, and appointing Labaton Sucharow LLP and Motley Rice LLC co-lead counsel ("Derivative Counsel").

D.     On October 4, 2013, the Derivative Plaintiffs filed a Consolidated and Verified Shareholder Derivative Complaint (the "Consolidated Complaint").

E.     On December 3, 2013, the Defendants filed a motion to dismiss the Action for failure to adequately allege futility of demand. On February 7, 2014, the Derivative Plaintiffs filed a memorandum of law opposing the Defendants' motion to dismiss. On March 10, 2014, the Defendants filed a reply memorandum of law in support of their motion to dismiss.

F.     Beginning with an in-person meeting in early March 2014 and continuing through June 2014, in parallel with litigating Defendants' motion to dismiss, the Parties engaged in arm's-length negotiations to settle the Action, focusing on corporate governance and compliance matters. After reaching an agreement-in-principle on the substantive terms of a settlement, the Parties engaged in further arm's-length negotiations concerning the amount of an attorneys' fee and expense award.

G.     On June 27, 2014, the Parties agreed to and executed a settlement term sheet embodying the material terms of a settlement of the Action, subject to certain conditions, including definitive documentation and approval by the Court.

## THE BENEFITS OF SETTLEMENT

H. Defendants have denied and continue to deny each and every one of the claims and contentions alleged in the Action, along with all allegations of any wrongdoing or liability arising from any conduct, statements, acts or omissions alleged, or that could have been alleged in the Action or any shareholder demand relating to the events alleged in the Action. Defendants also deny and continue to deny all allegations that Walgreens has suffered damage by or as a result of the matters alleged in the Action with respect to the Defendants. Defendants have nevertheless concluded that further litigation would be protracted, expensive, and distracting and that it is desirable to settle the Action upon the terms and conditions set forth in this Stipulation. Defendants have, therefore, determined that it would be beneficial to Walgreens and its shareholders that the Action be settled in the manner and upon the terms and conditions set forth in this Stipulation.

I. Derivative Plaintiffs continue to believe that the Action has substantial merit. However, Derivative Plaintiffs and Derivative Counsel recognize and acknowledge the significant risk, expense, and length of continued proceedings necessary to prosecute the Action against the Defendants through trial and through possible appeals. Derivative Counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in complex cases such as this one, as well as the difficulties and delays inherent in such litigation. Derivative Counsel are also mindful of the inherent problems of establishing demand futility, and the possible defenses to the claims alleged in the Action. Based upon Derivative Counsel's extensive investigation and evaluation of the facts and law underlying the claims alleged in the Consolidated Complaint, Derivative Plaintiffs have determined that the Settlement (as defined below) is fair, reasonable, and adequate and in the best interests of Walgreens and its

shareholders, and have agreed to settle the Action upon the terms and subject to the conditions set forth herein.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by the Parties that, subject to Court approval, in consideration of the substantial benefits flowing to the Parties from the Settlement, the Action shall be finally and fully compromised, settled, and dismissed with prejudice, subject to the terms and conditions set forth below:

1. **DEFINITIONS**

As used in this Stipulation, the following terms have the meanings specified below:

1.1    "Derivative Counsel" means:  (a) Labaton Sucharow LLP, 140 Broadway, New York, NY  10005; and (b) Motley Rice LLC, 28 Bridgeside Blvd., Mt. Pleasant, SC  29464.

1.2    "Effective Date" means the first date by which all of the events and conditions specified in paragraph 6.1 herein have been met and/or have occurred.

1.3    "Final" means the latest of:  (a) the expiration of the time for the filing or noticing of any appeal of the Judgment; (b) the final affirmance of the Judgment on appeal, the expiration of the time for a petition, or a denial of any petition, to review the affirmance of the Judgment on appeal, or, if such petition is granted, the final affirmance of the Judgment following review pursuant to that grant; or (c) the final dismissal of any appeal from the Judgment or the final resolution of any proceeding to review any appeal from the Judgment without any material change to the Judgment.  Any proceeding or order, or any appeal or petition for a review of a proceeding or order, pertaining solely to Derivative Counsel's application for an

award of attorneys' fees or expenses shall not in any way delay or preclude the Judgment from becoming Final.

1.4    "Judgment" means the Final Judgment and Order entered by the Court in a form substantially similar to the Proposed Final Judgment and Order attached hereto as Exhibit D.

1.5    "Notice" means the form of notice of the Settlement to be provided by Walgreens, substantially in the form of the attached Exhibit C.

1.6    "Person" means an individual, business or legal entity, including any corporation, limited liability corporation, professional corporation, limited liability partnership, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and their spouses, heirs, predecessors, successors, representatives, or assignees.

1.7    "Preliminary Approval Order" means an order entered by the Court substantially in the form attached hereto as Exhibit B.

1.8    "Released Claims" means any and all claims, demands, rights, remedies or causes of action, whether based on federal, state, local, statutory, common or foreign law or any other law, rule, regulation or principle of equity, whether known or unknown, including, without limitation, Unknown Claims, whether suspected or unsuspected, whether contingent or non-contingent, whether accrued or unaccrued, whether or not concealed or hidden, whether factual or legal, and for any remedy whether at equity or law, that were, could have been, or might have been asserted from the beginning of time through the date of entry of the Final Judgment and Order, by Walgreens or any Walgreens shareholder in the Action, any shareholder demand, or in

any other forum derivatively on behalf of Walgreens, against the Released Parties or any other individual named or unnamed, in connection with, arising out of, related to, based upon, in whole or in part, directly or indirectly (i) any action or omission or failure to act relating to any of the matters, facts, or events set forth, referenced, or alleged in any pleading or other document filed in the Action, or (ii) the settlement of the Action, including the payments provided for in this Stipulation; provided, however, that nothing herein shall in any way impair or restrict the rights of any Party to enforce the terms of this Stipulation.

1.9 "Released Parties" means Defendants, including each and all individuals named or who could have been named in the Action, as well as non-parties Stefano Pessina and Dominic Murphy, and each and all members of their families, parent entities, affiliates, subsidiaries and each and all of their respective past or present officers, directors, employees, agents, attorneys, accountants, auditors, insurers, heirs, executors, estates, administrators, predecessors, successors, assigns, and representatives, as well as any entity in which they have a controlling interest or any trust of which they are the settlor or which is for the benefit of them and/or member(s) of their family.

1.10 "Releasing Parties" means the Derivative Plaintiffs (individually, and derivatively on behalf of Walgreens), Walgreens, and every Walgreens Shareholder and each and all members of their families, heirs, administrators, predecessors, successors, parent entities, subsidiaries, affiliates, custodians, agents, representatives, executors, assigns, estates, trusts, trustees, trust beneficiaries, and all Persons acting in concert with any of the aforementioned Persons.

1.11 "Settlement" means the agreement made and entered into by and among the Parties and set forth in this Stipulation.

1.12    "Settlement Hearing" means the hearing that the Parties will request the Court hold after dissemination of the settlement notice in order to consider and determine, among other things, whether the Settlement should be approved, whether Judgment should be entered dismissing the Action with prejudice, and whether to approve Derivative Counsel's application for attorneys' fees and expenses.

1.13    "Unknown Claims" means any Released Claims that any Derivative Plaintiff (individually, and derivatively on behalf of Walgreens), Walgreens, or any Walgreens Shareholder does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Parties that, if known by him, her, or it might have affected his, her, or its settlement with, and release of, the Released Parties, or might have affected his, her, or its decision not to object to this Settlement, including claims based on the discovery of facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the Released Claims.  The Parties further agree that the Released Claims constitute an express waiver of all rights and protections afforded by California Civil Code § 1542 and all similar federal, state or foreign laws, rights, rules, or legal principles.  Section 1542 states:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.**

The Derivative Plaintiffs, Walgreens, and every Walgreens Shareholder shall be deemed by operation of the Judgment to have acknowledged that the release of Unknown Claims was separately bargained for and is a key element of the Settlement.

1.14    "Walgreens Shareholder" means any Person who owns or owned Walgreens common stock prior to or as of the Effective Date.

2.      **SETTLEMENT OF THE ACTION**

In settlement of and as a result of the Action, Defendants agree, subject to Court approval of this Settlement becoming Final and the occurrence of the Effective Date, to implement and maintain certain corporate governance reforms (the "Reforms"). The Reforms constitute the consideration for this Settlement, and Defendants acknowledge that the pendency, prosecution and settlement of the Action was a substantial and material cause in the Company's decision to implement the Reforms. The Reforms are as follows:

2.1      <u>Corporate Governance and Compliance Relief</u>.  Walgreens shall adopt and take such actions as are necessary to implement the following corporate governance and compliance enhancements within ninety (90) days of the Effective Date:

a.      Walgreens agrees to extend the compliance-related commitments made to the DEA in the Prospective Compliance Addendum for a period of 2 years. A summary of the commitments to be extended is set forth in the attached Exhibit A.

b.      While the Prospective Compliance Addendum is in place, the Company agrees to maintain periodic reporting of significant DEA-related matters to the Audit Committee of the Board of Directors by a representative of the Department of Pharmaceutical Integrity or an appropriate designee.

c.      While the Prospective Compliance Addendum is in place, the Company agrees that on an annual basis, in conjunction with receiving reporting from the Company's compliance-related functions, the Audit Committee

will review the resources assigned to the Company's compliance program and consider their adequacy.

d.  While the Prospective Compliance Addendum is in place, the Company agrees to maintain quarterly reporting from the Chief Compliance Officer ("CCO") to the Audit Committee.  Over the course of each year, that reporting will cover:  (i) the state of the Company's compliance policies and performance, including processes and procedures for complying with applicable laws and regulations; (ii) the Company's efforts to manage current and emerging compliance issues; and (iii) the CCO's recommendations regarding the development and implementation of new or enhanced compliance systems and programs.

e.  The Company agrees to make two proposed changes to the CCO Job Description:  (i) add DEA rules and requirements to the list of compliance matters on which the CCO reports compliance program status to the Audit Committee of the Board of Directors and senior management; and (ii) provide that the CCO "assists in the development and implementation of corrective action plans."

f.  While the Prospective Compliance Addendum is in place, the Company agrees that it will continue to annually review and update the Code of Business Conduct.  When the Code of Business Conduct is distributed annually to employees, the accompanying CEO letter will convey that consideration is given to compliance with the Code of Business Conduct in compensation and employment decisions.

g.      While the Prospective Compliance Addendum is in place, the Company agrees that the orientation process for new directors will include a discussion of compliance and risk-related issues.

2.2    Treasury Commitment.  Walgreens further agrees to fund all of the Reforms set forth herein while the Prospective Compliance Addendum is in place.

2.3    None of the modifications set forth in Paragraphs 2.1 and 2.2 or Exhibit A shall be deemed to imply that Walgreens's prior corporate procedures were deficient.

2.4    The Parties acknowledge and agree that the Settlement confers a substantial benefit on Walgreens and its shareholders.

2.5    The Parties agree that Derivative Counsel may meet with the Company's CCO to discuss the Company's compliance program as it relates to the matters referenced in the Action.  That meeting will be scheduled in the Chicago area at a mutually convenient time and place, after the Preliminary Approval Order is entered by the Court.

3.      **RELEASES AND BAR**

3.1    Upon the Effective Date, each of the Releasing Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims as against the Released Parties; provided, however, that nothing herein shall in any way impair or restrict the rights of any Party to enforce the terms of this Stipulation.

3.2    Upon the Effective Date, each of the Releasing Parties will be forever barred and enjoined from commencing, instituting, maintaining or prosecuting any of the Released Claims in any court, other forum, or proceeding.

3.3     Upon the Effective Date, the Released Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Derivative Plaintiffs and Derivative Counsel from all claims or demands relating to or arising out of, or connected with the institution, prosecution, assertion, settlement, or resolution of the Action and/or the Released Claims; provided, however, that nothing herein shall in any way impair or restrict the rights of any Party to enforce the terms of this Stipulation.

3.4     Pending final approval of the Settlement by the Court, the Releasing Parties are barred and enjoined from instituting, commencing, maintaining, or prosecuting any action or proceeding against the Released Parties asserting any of the Released Claims or challenging the Settlement other than in this action in accordance with the procedures established by the Court (the "Injunction").  If any action is taken by any Releasing Party in violation of the Injunction, the Derivative Plaintiffs, if requested, shall join in any motion and shall otherwise use their reasonable best efforts to effect a withdrawal, dismissal, transfer or stay of such action.

## 4.     DERIVATIVE COUNSEL'S APPLICATION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

4.1     In recognition of the substantial benefits conferred upon the Company as a result of the Settlement, Derivative Counsel will apply to the Court for an award of attorneys' fees and expenses not to exceed $3,500,000 on behalf of all counsel representing any Walgreens Shareholder with respect to the matters resolved herein.  Defendants will not oppose such application.  If the Court awards Derivative Counsel fees and expenses not to exceed $3,500,000, Walgreens or its insurance carriers will pay such an award to Gregg S. Levin of Motley Rice, as agent for all Derivative Counsel, within ten (10) business days of the Court's entry of the Final Judgment and Order in connection with the Settlement, subject to Derivative Counsel's

obligation to make refunds or repayments to Walgreens or its insurance carrier if for any reason whatsoever, including any appeal and/or further proceeding or remand, or successful collateral attack, the fee and/or expense award is lowered or reversed.

4.2     Defendants shall have no obligations or liability with respect to the apportionment or distribution of any attorneys' fees or expenses awarded by the Court.

4.3     No order of the Court, or modification or reversal on appeal of any order of the Court, concerning the amount or allocation of attorneys' fees or expenses shall constitute grounds for cancellation or termination of this Stipulation or prevent the Judgment from becoming Final.

4.4     Except as otherwise expressly provided in Paragraphs 4.1 and 5.1, the Parties shall bear their own attorneys' fees and costs incurred in connection with the Action and Settlement.

## 5.     PRELIMINARY APPROVAL AND NOTICE

5.1     Promptly following the execution of this Stipulation, the Parties shall submit this Stipulation, together with its Exhibits, to the Court, and shall apply for entry of a Preliminary Approval Order, substantially in the form of Exhibit B hereto.

5.2     Not later than ten (10) business days following the entry of the Preliminary Approval Order, Walgreens shall cause this Stipulation and the Notice to be filed with the United States Securities and Exchange Commission on Form 8-K, publish the Notice once in the national edition of *The Wall Street Journal* and *Investors' Business Daily*, and post the Notice on the investor relations page of the Walgreens website, to be maintained until the date the Court enters the Final Judgment and Order in connection with the Settlement.

6. **CONDITIONS OF SETTLEMENT; EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION**

6.1     The Settlement shall be conditioned on the occurrence of all of the following events:

a.     Entry by the Court of the Preliminary Approval Order in all material respects;

b.     Court approval of the Settlement in all material respects following notice to Walgreens Shareholders and the Settlement Hearing;

c.     entry of the Final Judgment and Order in the Action in all material respects; and

d.     the passing of the date upon which the Judgment becomes Final.

6.2     If any of the conditions listed in paragraph 6.1 above are not met, this Stipulation and any Settlement documentation shall be null and void and of no force and effect, and the Parties shall be restored to their positions as of June 26, 2014. All negotiations, proceedings, documents prepared, and statements made in connection with the Settlement shall be without prejudice to any Party, shall not be deemed or construed to be an admission by any Party of any act, matter or proposition, and shall not be used in any manner or for any purpose in the Action or in any other action or proceeding. Further, in the event that any of the conditions listed in paragraph 6.1 are not met, the terms and provisions of this Stipulation shall not be used in the Action or in any other action or proceeding for any purpose, and any judgments or orders entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated.

7.    **MISCELLANEOUS PROVISIONS**

7.1    Nothing herein shall expand the liabilities of any Walgreens director or officer beyond any liabilities otherwise imposed by applicable law.

7.2    Neither this Stipulation, nor any of its terms or provisions, nor the Exhibits hereto, nor any document referred to herein, nor entry of the Judgment, nor any action taken to carry out this Stipulation or the Settlement is, may be construed as, or may be used as, evidence of the validity of any claim or as an admission by or against the Parties of any fault, wrongdoing, or concession of liability whatsoever.

7.3    Neither this Stipulation, nor any of its terms or provisions, nor the Exhibits hereto, nor any document referred to herein, nor entry of the Judgment nor any action taken to carry out this Stipulation or the Settlement shall be offered or received into evidence in any action or proceeding for any purpose whatsoever other than to enforce the provisions of this Stipulation, except that this Stipulation and the Exhibits hereto may be filed as evidence of the Settlement to support a defense of *res judicata*, collateral estoppel, release, or other theory of claim or issue preclusion or similar defense.

7.4    The Parties:  (a) acknowledge that it is their intent to consummate the terms and conditions of this Stipulation; and (b) agree to cooperate to the extent reasonably necessary, and to exercise their best efforts, to effectuate and implement all terms and conditions of this Stipulation.

7.5    The Parties intend this Settlement to be a final and complete resolution of all disputes among them with respect to the Action.  This Stipulation and its Exhibits constitute the entire agreement among the Parties concerning the Settlement, and no representations,

warranties, or inducements have been made by any Party hereto concerning this Stipulation and its Exhibits other than those contained and memorialized in such documents.

7.6     The Parties agree that the terms of this Settlement, including the amount of attorneys' fees and expenses, were negotiated at arm's length in good faith by the Parties, and that the Settlement was reached voluntarily after consultation with experienced legal counsel.

7.7     The Parties agree that, other than disclosures required by law or the Court, any public comments from the Parties or any of their representatives regarding this Settlement will not substantially deviate from words to the effect that the Parties have reached a mutually agreeable resolution that will avoid protracted and expensive litigation, that the Parties are satisfied with the resolution, and that the Settlement is in the best interest of Walgreens and its shareholders.  None of the Parties shall make any public statement regarding the terms of this Stipulation or the Settlement contained herein that is critical of or disparages the Settlement or the conduct of the Parties.

7.8     The headings used in this Stipulation are used for the purpose of convenience only and are not meant to have legal effect.

7.9     All of the Exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

7.10    This Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

7.11    This Stipulation may be executed in one or more counterparts, including by facsimile and PDF counterparts.  All executed counterparts, including facsimile and PDF counterparts, shall be deemed to be one and the same instrument.

7.12    This Stipulation shall be binding upon, and inure to the benefit of, the Parties and their respective successors, assigns, heirs, spouses, marital communities, executors, administrators, and legal representatives.

7.13    This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties.

7.14    All Persons executing this Stipulation and any of the Exhibits hereto, or any related settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to this Stipulation to effectuate its terms.

7.15    The waiver by any Party of any breach of this Stipulation shall not be deemed or construed as a waiver of any other breach, whether prior or subsequent to, or contemporaneous with, the execution of this Stipulation.

7.16    Without affecting the finality of the Judgment entered in accordance with this Stipulation, the Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of this Stipulation, and the Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

7.17    The rights and obligations of the Parties shall be construed and enforced in accordance with, and governed by, the substantive laws of the State of Illinois without giving effect to that State's choice-of-law principles.

7.18    Any notice required by this Stipulation shall be submitted in writing and delivered (either by overnight mail, electronic mail, facsimile or in person) as follows:

If to Derivative Counsel:

      Christine S. Azar
      LABATON SUCHAROW LLP
      300 Delaware Avenue, Suite 1225
      Wilmington, DE 19801
      Tel: (302) 573-2530

      and

      Gregg S. Levin
      MOTLEY RICE LLC
      28 Bridgeside Blvd.
      Mt. Pleasant, SC 29464
      (843) 216-9512

If to counsel for Defendants:

      Stephen R. DiPrima
      WACHTELL, LIPTON, ROSEN & KATZ
      51 West 52nd Street
      New York, NY 10019-6150
      Tel: (212) 403-1000

      and

      Kristen R. Seeger
      SIDLEY AUSTIN LLP
      One South Dearborn
      Chicago, IL 60603
      Tel: (312) 853-7450

      IN WITNESS WHEREOF, the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, dated as of September 11, 2014.

      LABATON SUCHAROW LLP

      _____
      Christine S. Azar
      300 Delaware Avenue, Suite 1225
      Wilmington, DE 19801
      Tel: (302) 573-2530

*Co-Lead Counsel for the Derivative Plaintiffs*

and

MOTLEY RICE LLC

_Gregg S. Levin_

Gregg S. Levin
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
Tel: (843) 216-9512

*Co-Lead Counsel for the Derivative Plaintiffs*

WACHTELL, LIPTON, ROSEN & KATZ

Stephen R. DiPrima
51 West 52nd Street
New York, NY 10019-6150
Tel: (212) 403-1000
*Counsel for the Individual Defendants*

and

SIDLEY AUSTIN LLP

_Kristen R. Seeger_

Kristen R. Seeger
One South Dearborn
Chicago, IL 60603
Tel: (312) 853-7450

*Counsel for Nominal Defendant Walgreens*

-18-

*Co-Lead Counsel for the Derivative Plaintiffs*

and

MOTLEY RICE LLC

_____

Gregg S. Levin
28 Bridgeside Blvd.
Mt. Pleasant, SC  29464
Tel:  (843) 216-9512

*Co-Lead Counsel for the Derivative Plaintiffs*

WACHTELL, LIPTON, ROSEN & KATZ

_____

Stephen R. DiPrima
51 West 52nd Street
New York, NY 10019-6150
Tel:  (212) 403-1000
*Counsel for the Individual Defendants*

and

SIDLEY AUSTIN LLP

_____

Kristen R. Seeger
One South Dearborn
Chicago, IL  60603
Tel:  (312) 853-7450

*Counsel for Nominal Defendant Walgreens*

**Exhibit A**

| Walgreens/DEA Compliance Commitments |
|---|
| Walgreens will identify a dedicated contact point (including a dedicated email address) for DEA within the Department of Pharmaceutical Integrity to facilitate Walgreens' responses to DEA requests for information and documents, specifically including responses to request for dispensing log data and pseudoephedrine data. |
| Walgreens will maintain a Department of Pharmaceutical Integrity, composed of personnel with pharmacy-related training and managerial personnel, who shall be trained in relevant diversion-related issues, to coordinate compliance efforts related to controlled substances. |
| Upon request by DEA to Walgreens' Department of Pharmaceutical Integrity, within two (2) business days, Walgreens will provide to DEA, via appropriate secure means of electronic transmission, controlled substances dispensing logs consisting of those categories of information the regulations require dispensers to maintain as records. |
| Walgreens' retail pharmacies utilize a computer application for the storage and retrieval of refill information for original paper prescriptions. To the extent that the DEA wishes to retrieve electronic records regarding refills, Walgreens' Department of Pharmaceutical Integrity will facilitate responses to such requests, including by providing such information to DEA upon request in a manner that is sortable and retrievable by prescriber name, prescriber DEA registration number, patient name, patient address, drug dispensed, date filled and last name of dispensing pharmacist. |
| Walgreens remains committed to properly training its pharmacy personnel to deal with evolving diversion-related issues. Walgreens will continue to enhance its Good Faith Dispensing Policy and training materials to identify "red flags" of potential diversion for pharmacists to consider in making professional judgments regarding dispensing of controlled substances. |
| Walgreens will train its pharmacy personnel at least annually on Good Faith Dispensing and will update its Good Faith Dispensing Policy and training materials to respond to changing diversion threats of which Walgreens is aware. Walgreens' training program also will instruct pharmacists and supervisory personnel to contact the Department of Pharmaceutical Integrity, as appropriate, to address specific problematic issues arising with particular patients or physicians, so that the Department of Pharmaceutical Integrity can assess and respond to such issues. Pharmacist training will also cover instruction on how to assist the DEA in obtaining records as required by the DEA Agreement or any regulations. |

Walgreens will maintain procedures to verify that the DEA registration number for the issuing prescriber of a controlled substance is a current, valid registration number. Such verification shall be performed using information from the National Technical Information Service (NTIS) database or similarly reliable third party database where DEA registration changes are recorded. Walgreens agrees to maintain a system integrating NTIS data with Walgreens' computer system that will: (1) update NTIS registration data on a weekly basis and (2) prevent a pharmacy from filling a controlled substance prescription using a registration number not listed in such NTIS data until such prescriber's valid registration number is confirmed.

Walgreens will exclude any accounting for controlled substance prescriptions dispensed by a particular pharmacy from bonus computations for pharmacists and pharmacy technicians at that pharmacy.

For each retail pharmacy, Walgreens will maintain, either electronically or in paper form, a log of pseudoephedrine purchases that can be made available upon request to authorized DEA personnel. To the extent that printing or copying of such a log from electronic records at a pharmacy would be unduly laborious or time-consuming, DEA agrees that Walgreens Department of Pharmaceutical Integrity will facilitate transmission of such information, including through transmission of electronic records to the DEA.

Walgreens will designate a DEA contact point in its Department of Pharmaceutical Integrity to address inquiries regarding suspicious order monitoring and reporting.

At least one (1) existing employee at each Walgreens distribution center that distributes controlled substances will receive appropriate training on suspicious order monitoring requirements and on reporting relevant issues to the Department of Pharmaceutical Integrity.

For purposes of complying with suspicious order monitoring and reporting requirements for orders to be supplied by a Walgreens distribution center, Walgreens will maintain the tolerance threshold, ceiling limits and other elements of its current suspicious order monitoring and reporting system, either for the duration of the DEA Agreement or until Walgreens distribution activities are transitioned to a third party.

Walgreens will endeavor to conduct its evaluations of "orders of interest" identified by its tolerance thresholds and ceiling limits within four (4) business days and shall inform DEA field offices of orders that Walgreens has determined are "suspicious" within two (2) business days of making any such determination. Walgreens agrees not to ship any "order of interest" or "suspicious order" in whole or in part unless and until Walgreens resolves the reason(s) that caused it to designate the order as an "order of interest" or a "suspicious order."

Suspicious order reports shall identify reason(s) an order was determined to be suspicious, and the registration number for the specific Walgreens distribution center that would have received the order at issue.

Within 18 months of the effective date of the DEA agreement, Walgreens will initiate enrollment in and operationally implement DEA's Controlled Substance Ordering System for all orders of all Schedule II controlled substances placed by its retail pharmacies to its distribution centers.

**Exhibit B**

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |
|---|---|
| IN RE WALGREEN CO. DERIVATIVE LITIGATION | Lead Case No. 1:13-cv-05471<br><br>Hon. Joan H. Lefkow |

### [PROPOSED] PRELIMINARY APPROVAL ORDER

WHEREAS, plaintiffs Steamfitters Local #449 Retirement Security Fund, West Palm Beach Police Pension Fund, the Police Retirement System of St. Louis, and Miami Firefighters' Relief and Pension Fund (collectively, "Derivative Plaintiffs") having made application, pursuant to Federal Rule of Civil Procedure 23.1(c), for an order: (i) preliminarily approving the proposed settlement (the "Settlement") of the above-captioned shareholder derivative action (the "Action") in accordance with the Stipulation of Settlement, dated September 11, 2014, and its exhibits (the "Stipulation"), which set forth the terms and conditions of the proposed Settlement and for dismissal of the Action with prejudice upon the terms and conditions set forth therein; and (ii) approving distribution of the Notice of Pendency and Settlement of Derivative Action (the "Notice") attached as Exhibit C to the Stipulation;

WHEREAS, all capitalized terms used in this order shall have the meanings set forth in the Stipulation, unless indicated otherwise herein; and

WHEREAS, this Court, having considered the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.    The Unopposed Motion of Derivative Plaintiffs for Preliminary Approval of the Settlement (doc. no. ____) is granted on the terms and conditions set forth herein.

2.      The Court does hereby preliminarily approve the Settlement as set forth in the Stipulation, subject to further consideration at the Settlement Hearing described below.

3.      A hearing (the "Settlement Hearing") shall be held before this Court on _____, 2014, at _____ a.m. at the United States District Court, Northern District of Illinois, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois  60604 to:

      a.    determine whether the proposed Settlement is fair, reasonable, adequate and in the best interests of Walgreens and its shareholders, and should be approved by the Court;

      b.    determine whether the Court should approve Derivative Counsel's application for an award of attorneys' fees and expenses;

      c.    hear and determine any objections to the Settlement or to Derivative Counsel's application for an award of attorneys' fees and expenses; and

      d.    rule upon such other matters as the Court may deem necessary or appropriate.

4.      The Court approves the form and substance of the Notice, and finds that the provisions of the Notice, substantially in the manner and form set forth in Exhibit C to the Stipulation, as well as the manner of dissemination of the Notice described below, meet the requirements of Federal Rule of Civil Procedure 23.1 and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.  Non-material changes to the form of Notice may be made without further approval of the Court.

5.      Not later than ten (10) business days following the entry of the Preliminary Approval Order, Walgreens shall make the Notice available to Walgreens Shareholders through (a) publication once in the national edition of *Investors' Business Daily* and *The Wall Street Journal*; (b) the filing with the United States Securities and Exchange Commission of the Notice and the Stipulation on Form 8-K; and (c) the posting of the Notice on the investor relations page of the Walgreens website, to be maintained until the date the Court enters the Final Judgment and Order in connection with the Settlement.

6.      At least fourteen (14) calendar days prior to the Settlement Hearing, Walgreens' counsel shall file with the Court proof, by affidavit or declaration, of such filing and publication of the Notice.

7.      The Court reserves (a) the right to approve finally the Settlement, with such modifications as the Court may prescribe or as may be agreed to by the Parties' counsel without further notice to any Walgreens Shareholder; and (b) the right to continue or adjourn the Settlement Hearing or modify any other dates set forth herein without further notice to any Walgreens Shareholder.

8.      Derivative Counsel shall submit any papers in support of final approval of the Settlement and the application for an award of attorneys' fees and expenses to the Court at least twenty-one (21) calendar days before the Settlement Hearing.  The Parties shall file with the Court any responses to any objections filed pursuant to ¶ 9 below at least seven (7) calendar days prior to the Settlement Hearing.

9.      Any Walgreens Shareholder may appear and show cause why the Settlement should not be approved as fair, reasonable, and adequate or why a Final Judgment and Order should not be entered herein, or why the application for attorneys' fees and expenses should not

be granted; *provided that* no later than fourteen (14) calendar days prior to the Settlement

Hearing, such Person shall file with the Clerk of the Court, United States District Court,

Northern District of Illinois, Everett McKinley Dirksen United States Courthouse, 219 South

Dearborn Street, Chicago, Illinois 60604: (a) a written notice of the intention to appear, or, if

the Walgreens Shareholder does not intend to appear, a written objection to the Settlement;

(b) proof of ownership of Walgreens common stock as well as documentary evidence of when

such stock ownership was acquired; (c) a detailed statement of the matters to be presented to the

Court; and (d) the grounds therefore or the reasons why such Person desires to appear and to be

heard, as well as all documents and writings supporting such position. In addition, upon or

before filing such papers with the Clerk of the Court, such papers shall be served by hand or

overnight mail on the following counsel of record:

> Christine S. Azar
> LABATON SUCHAROW LLP
> 300 Delaware Avenue, Suite 1225
> Wilmington, DE 19801
> Tel: (302) 573-2530
>
> and
>
> Gregg S. Levin
> MOTLEY RICE LLC
> 28 Bridgeside Blvd.
> Mt. Pleasant, SC 29464
> Tel: (843) 216-9512
>
> *Co-Lead Counsel for Plaintiffs*
>
> and
>
> Stephen R. DiPrima
> WACHTELL, LIPTON, ROSEN & KATZ
> 51 West 52nd Street
> New York, NY 10019-6150
> Tel: (212) 403-1000

*Counsel for the Individual Defendants*

and

Kristen R. Seeger
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL  60603
Tel:  (312) 853-7450

*Counsel for Nominal Defendant Walgreens*

10. Any person who fails to object in the manner prescribed above shall be deemed to have waived such objections and shall be forever barred from raising such objection or otherwise contesting the Settlement, including any award of attorneys' fees and expenses, and the Final Judgment and Order in this or any other action or proceeding.

11. Pending final determination of whether the Settlement and Stipulation should be approved, all proceedings in the Action, other than proceedings necessary to carry out the terms and conditions of the Settlement, are preliminarily enjoined, and the Releasing Parties are barred and enjoined from (a) commencing, maintaining, or prosecuting any action or proceeding against the Released Parties asserting any of the Released Claims, either directly, representatively, derivatively or in any other capacity against any of the Released Parties, or (b) challenging the Settlement other than in this Action in accordance with the procedures established by the Court, provided that nothing herein shall in any way impair or restrict the rights of any Party to enforce the terms of the Stipulation.

12. Neither the Stipulation, nor the Exhibits thereto, nor any document referred to therein, nor any action taken to carry out the Stipulation is, may be construed as, or may be used as an admission by or against the Released Parties, or any of them individually, of any fault, wrongdoing or liability whatsoever.

13.     In the event the Settlement is not approved by the Court or is terminated for any reason, the Settlement shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or referred to in any actions or proceedings by any Person, and each Party shall be restored to his, her or its respective position as of June 26, 2014.

14.     The Court shall retain jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

IT IS SO ORDERED.

DATED: _____        _____

THE HONORABLE JOAN H. LEFKOW

**EXHIBIT C**

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |
|---|---|
| IN RE WALGREEN CO. DERIVATIVE LITIGATION | Lead Case No. 1:13-cv-05471<br><br>Hon. Joan H. Lefkow |

## NOTICE OF PENDENCY AND SETTLEMENT
## OF SHAREHOLDER DERIVATIVE ACTION

**TO:   ALL HOLDERS OF WALGREEN CO. ("WALGREENS") COMMON STOCK AS OF SEPTEMBER 11, 2014 AND THEIR RESPECTIVE SUCCESSORS-IN-INTEREST.**

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. THIS NOTICE RELATES TO A PROPOSED SETTLEMENT AND DISMISSAL OF SHAREHOLDER DERIVATIVE LITIGATION AND CONTAINS IMPORTANT INFORMATION REGARDING YOUR RIGHTS. YOUR RIGHTS MAY BE AFFECTED BY LEGAL PROCEEDINGS IN THIS ACTION.**

**PLEASE NOTE THAT THIS ACTION IS NOT A "CLASS ACTION" AND NO INDIVIDUAL SHAREHOLDER HAS THE RIGHT TO BE COMPENSATED AS A RESULT OF THE SETTLEMENT OF THIS ACTION.**

YOU ARE HEREBY NOTIFIED, pursuant to Federal Rule of Civil Procedure 23.1 and by Order of the United States District Court for the Northern District of Illinois, of the proposed settlement (the "Settlement") of the above-captioned consolidated shareholder derivative action (the "Action"). The terms of the proposed Settlement of the Action are set forth in a Stipulation of Settlement dated September 11, 2014 (the "Stipulation"), and all capitalized terms herein shall have the same meanings as set forth in the Stipulation. This summary should be read in conjunction with, and is qualified in its entirety by reference to, the text of the Stipulation, which has been filed with the Court and is attached to a Form 8-K that will be filed with the Securities and Exchange Commission and published on the investor relations section of Walgreens' website.

The Action was brought derivatively on behalf of Walgreens against certain of Walgreens' directors pertaining to alleged breaches of fiduciary duties in connection with failing to prevent the events that led to Walgreens' June 2013 settlement with the Drug Enforcement Administration ("DEA"). Defendants have denied and continue to deny each and every one of the claims and contentions alleged in the Action. The terms of the Settlement set forth in the Stipulation include the adoption by the Company of a number of corporate governance and compliance enhancements, such as extending the term of the compliance commitments made to the DEA and the implementation of periodic reporting of significant DEA-related matters to the Audit Committee of Walgreens' Board of Directors. The Stipulation also provides for Walgreens and/or its insurance carrier to pay Derivative Counsel's attorneys' fees and expenses in an amount not to exceed $3,500,000, subject to Court approval.

A hearing on the proposed settlement (the "Settlement Hearing") will be held on _____, at _____, before United States District Judge Joan H. Lefkow, in the United States District Court, Northern District of Illinois, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604 (the "Court"): (i) to determine whether the terms and conditions of the Settlement provided for in the Stipulation, taken as a whole, are fair, reasonable, adequate and in the best interests of Walgreens' shareholders; (ii) to determine whether a final judgment should be entered dismissing the Action as to all Defendants with prejudice and extinguishing and releasing any and all Released Claims (as defined in the Stipulation); and (iii) to determine, if the Court approves the Settlement and enters its final judgment, whether it should grant Derivative Counsel's application for an award of attorneys' fees and expenses in an amount not exceeding $3,500,000. The date and location of the

Settlement Hearing may be changed by the Court without further notice.

Any Walgreens Shareholder who wishes to be heard with respect to the Stipulation, the Settlement, the judgment proposed to be entered herein and/or the application for an award of attorneys' fees and expenses may appear in person or by his, her or its attorney at the Settlement Hearing and present any evidence that may be proper and relevant; *provided that* no later than fourteen (14) days prior to the Settlement Hearing, such person submits to the Clerk of the Court, United States District Court, Northern District of Illinois, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604: (a) a written notice of the intention to appear; (b) proof of ownership of Walgreens common stock as well as documentary evidence of when such stock ownership was acquired; (c) a detailed statement of the matters to be presented to the Court and the grounds therefor or the reasons why such person desires to appear and to be heard; and (d) all documents and writings supporting such position. In addition, upon or before filing such papers with the Clerk of the Court, such papers shall be served by hand or overnight mail on the following counsel of record:

> Christine S. Azar
> LABATON SUCHAROW LLP
> 300 Delaware Avenue, Suite 1225
> Wilmington, DE 19801
> Tel: (302) 573-2530
>
> and
>
> Gregg S. Levin
> MOTLEY RICE LLC
> 28 Bridgeside Blvd.
> Mt. Pleasant, SC 29464
> Tel: (843) 216-9512
>
> *Co-Lead Counsel for Plaintiffs*
>
> and
>
> Stephen R. DiPrima
> WACHTELL, LIPTON, ROSEN & KATZ
> 51 West 52nd Street
> New York, NY 10019-6150
> Tel: (212) 403-1000
>
> *Counsel for the Individual Defendants*
>
> and
>
> Kristen R. Seeger
> SIDLEY AUSTIN LLP
> One South Dearborn

Chicago, IL 60603
Tel: (312) 853-7450

*Counsel for Nominal Defendant Walgreens*

Attendance at the Settlement Hearing is not necessary for an objection to be considered by the Court; however, any person wishing to be heard at the Settlement Hearing is required to indicate in his, her or its written objection an intention to appear at the hearing. Any person who fails to object in the manner prescribed above shall be deemed to have waived such objection(s) and shall be forever barred from raising such objection(s) or otherwise contesting the Settlement in this or any other action or proceeding.

This Notice does not purport to be a comprehensive description of the Action, the pleadings, the terms of the proposed Settlement or Stipulation, or Settlement Hearing. For a more detailed statement of the matters involved in this litigation and proposed Settlement, you may inspect the pleadings, the Stipulation, the Orders entered by the Court and other papers filed in the Action at the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604, during regular business hours of each business day. Questions may be directed in writing to Christine S. Azar, Labaton Sucharow LLP, 300 Delaware Avenue, Suite 1225, Wilmington, DE 19801 or to Gregg S. Levin, Motley Rice LLC, 28 Bridgeside Boulevard, Mt. Pleasant, SC 29464.

DATED: _____, 2014         BY ORDER OF THIS COURT
                                    UNITED STATES DISTRICT COURT
                                    NORTHERN DISTRICT OF ILLINOIS
                                    EASTERN DIVISION

**<u>DO NOT CONTACT THE COURT</u>**
**<u>REGARDING THIS NOTICE</u>**

3

**EXHIBIT D**

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| IN RE WALGREEN CO. DERIVATIVE LITIGATION | Lead Case No. 1:13-cv-05471<br><br>Hon. Joan H. Lefkow |

## [PROPOSED] FINAL JUDGMENT AND ORDER

WHEREAS, this Court having considered the Stipulation and Agreement of Settlement dated September 11, 2014, and its exhibits (the "Stipulation"), between (a) co-lead plaintiffs Steamfitters Local #449 Retirement Security Fund, West Palm Beach Police Pension Fund, the Police Retirement System of St. Louis, and Miami Firefighters' Relief and Pension Fund (collectively, "Derivative Plaintiffs"), on behalf of themselves and derivatively on behalf of Walgreen Co. ("Walgreens"), (b) nominal defendant Walgreens, and (c) individual defendants James Skinner, Gregory Wasson, Janice Babiak, David Brailer, Steven Davis, William Foote, Mark Frissora, Ginger Graham, Alan McNally, Nancy Schlichting, and Alejandro Silva (collectively with Walgreens, the "Defendants"), and having held a hearing on _____, 2014 (the "Settlement Hearing"), and having considered all papers filed and proceedings herein, and otherwise being fully informed, and good cause appearing therefor;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.      For purposes of this Final Judgment and Order (the "Judgment"), the Court incorporates by reference the definitions in the Stipulation and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation unless otherwise defined herein.

2.      The Court has jurisdiction over the subject matter of the Action, including all matters necessary to effectuate the Settlement, and over all Parties.

3.      In accordance with the Preliminary Approval Order, Walgreens caused notice to be made to Walgreens shareholders.  The form and manner of the notice given to Walgreens Shareholders is hereby determined to have been:  (i) the best notice practicable under the circumstances; (ii) reasonably calculated, under the circumstances, to apprise all Walgreens Shareholders who could reasonably be identified of the pendency of the Action, the terms of the Settlement, and Walgreens Shareholders' right to object to the Settlement or to Derivative Counsel's application for an award of attorneys' fees and expenses and to appear at the Settlement Hearing; and (iii) fully compliant with Federal Rule of Civil Procedure 23.1, the requirements of due process, and any other applicable law.

4.      The Settlement Hearing was held before this Court on _____, 2014, to consider, among other things, whether the Derivative Plaintiffs adequately represent the interests of each Walgreens Shareholder in enforcing the rights of Walgreens, the Settlement should be approved, and Derivative Counsel's application for attorneys' fees and expenses should be granted.

5.      The Court finds, for settlement purposes only, that:  (1) the Action was properly brought as a shareholder derivative suit pursuant to Federal Rule of Civil Procedure 23.1; and (2) the Derivative Plaintiffs adequately represent the interests of each Walgreens Shareholder in enforcing the rights of Walgreens.

6.      The Court finds, in accordance with Federal Rule of Civil Procedure 23.1, that the Settlement is fair, reasonable, adequate and in the best interests of Walgreens and each Walgreens

Shareholder.  The Court further finds the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of Walgreens, Walgreens Shareholders, and Defendants.  The Court has considered any submitted objections to the Settlement and hereby overrules them.  Accordingly, this Court hereby approves the Settlement set forth in the Stipulation and directs the consummation and implementation thereof.

7.  The Action is hereby dismissed with prejudice, with each side to bear its own costs and expenses, except as set forth in Paragraph 11 below.

8.  Upon the Effective Date, each of the Releasing Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims as against the Released Parties; provided, however, that nothing herein shall in any way impair or restrict the rights of any Party to enforce the terms of the Stipulation.

9.  Upon the Effective Date, each of the Releasing Parties will forever be barred and enjoined from taking any steps in furtherance of commencing, instituting, or prosecuting any of the Released Claims in any court, other forum, or proceeding.  The Released Persons may file the Stipulation and/or the Final Judgment and Order in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

10.  Upon the Effective Date, the Released Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Derivative Plaintiffs and Derivative Counsel from all claims or demands relating to or arising out of, or connected with the institution, prosecution, assertion, settlement, or

3

resolution of the Action and/or the Released Claims; provided, however, that nothing herein shall in any way impair or restrict the rights of any Party to enforce the terms of the Stipulation.

11.     Derivative Counsel are hereby awarded attorneys' fees and expenses in the amount of $_____ in connection with the Action, which sum the Court finds to be fair and reasonable and which will be paid by Walgreens or its insurers in accordance with the terms and subject to the conditions of the Stipulation.

12.     Neither the Stipulation, nor any of its terms or provisions, nor any document referred to therein, nor the Exhibits thereto, nor entry of this Judgment, nor the fact of the Settlement, nor any action taken to carry out the Stipulation or the Settlement, is, may be construed as, or may be used as, evidence of the validity of any claim or as an admission by or against any of the Released Parties of any fault, wrongdoing, or concession of liability whatsoever.  The Settlement and the Stipulation, and any and all negotiations, documents and discussions associated therewith, shall not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of equity or of any liability or wrongdoing by the Released Parties whatsoever, or of the truth of any of the claims or allegations made against any of the Defendants in the Action.

13.     Without affecting the finality of this Judgment in any way, this Court retains jurisdiction over all matters related to the administration, consummation and enforcement of the terms of the Stipulation, the Settlement, and of the Judgment.  Derivative Plaintiffs, Defendants, and Walgreens Shareholders are hereby deemed to have irrevocably submitted to the exclusive jurisdiction of the Court for the purpose of any suit, action, proceeding or dispute arising out of or relating to the Settlement or the Stipulation, and only for such purposes.  Solely for purposes

4

of such suit, action or proceeding, to the fullest extent they may effectively do so under applicable law, Derivative Plaintiffs, Defendants, and Walgreens Shareholders are hereby deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court, or that the Court is, in any way, an improper venue or an inconvenient forum.

14.     In the event that the Settlement does not become effective or is terminated in accordance with the terms and provisions of the Stipulation, then this Judgment shall be rendered null and void and shall be vacated, and the Stipulation and all orders entered in connection therewith by this Court shall be rendered null and void, and the Parties shall be restored to their respective positions as of June 26, 2014.

15.     The Court finds that no just reason exists for delay in entering final judgment in accordance with the Stipulation.  Accordingly, the Clerk is hereby directed to enter this Judgment.


        IT IS SO ORDERED.


DATED: _____        _____
                                  THE HONORABLE JOAN H. LEFKOW