**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE WALGREEN CO. DERIVATIVE LITIGATION | Lead Case No. 1:13-cv-05471<br><br>Hon. Joan H. Lefkow |

**PRELIMINARY APPROVAL ORDER**

WHEREAS, plaintiffs Steamfitters Local #449 Retirement Security Fund, West Palm Beach Police Pension Fund, the Police Retirement System of St. Louis, and Miami Firefighters' Relief and Pension Fund (collectively, "Derivative Plaintiffs") having made application, pursuant to Federal Rule of Civil Procedure 23.1(c), for an order: (i) preliminarily approving the proposed settlement (the "Settlement") of the above-captioned shareholder derivative action (the "Action") in accordance with the Stipulation of Settlement, dated September 11, 2014, and its exhibits (the "Stipulation"), which set forth the terms and conditions of the proposed Settlement and for dismissal of the Action with prejudice upon the terms and conditions set forth therein; and (ii) approving distribution of the Notice of Pendency and Settlement of Derivative Action (the "Notice") attached as Exhibit C to the Stipulation;

WHEREAS, all capitalized terms used in this order shall have the meanings set forth in the Stipulation, unless indicated otherwise herein; and

WHEREAS, this Court, having considered the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Unopposed Motion of Derivative Plaintiffs for Preliminary Approval of the Settlement (doc. no. 59) is granted on the terms and conditions set forth herein.

2. The Court does hereby preliminarily approve the Settlement as set forth in the Stipulation, subject to further consideration at the Settlement Hearing described below.

3. A hearing (the "Settlement Hearing") shall be held before this Court on December 9, 2014, at 11:15 a.m. at the United States District Court, Northern District of Illinois, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604 to:

   a. determine whether the proposed Settlement is fair, reasonable, adequate and in the best interests of Walgreens and its shareholders, and should be approved by the Court;

   b. determine whether the Court should approve Derivative Counsel's application for an award of attorneys' fees and expenses;

   c. hear and determine any objections to the Settlement or to Derivative Counsel's application for an award of attorneys' fees and expenses; and

   d. rule upon such other matters as the Court may deem necessary or appropriate.

4. The Court approves the form and substance of the Notice, and finds that the provisions of the Notice, substantially in the manner and form set forth in Exhibit C to the Stipulation, as well as the manner of dissemination of the Notice described below, meet the requirements of Federal Rule of Civil Procedure 23.1 and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto. Non-material changes to the form of Notice may be made without further approval of the Court.

5. Not later than ten (10) business days following the entry of the Preliminary Approval Order, Walgreens shall make the Notice available to Walgreens Shareholders through (a) publication once in the national edition of *Investors' Business Daily* and *The Wall Street Journal*; (b) the filing with the United States Securities and Exchange Commission of the Notice and the Stipulation on Form 8-K; and (c) the posting of the Notice on the investor relations page of the Walgreens website, to be maintained until the date the Court enters the Final Judgment and Order in connection with the Settlement.

6. At least fourteen (14) calendar days prior to the Settlement Hearing, Walgreens' counsel shall file with the Court proof, by affidavit or declaration, of such filing and publication of the Notice.

7. The Court reserves (a) the right to approve finally the Settlement, with such modifications as the Court may prescribe or as may be agreed to by the Parties' counsel without further notice to any Walgreens Shareholder; and (b) the right to continue or adjourn the Settlement Hearing or modify any other dates set forth herein without further notice to any Walgreens Shareholder.

8. Derivative Counsel shall submit any papers in support of final approval of the Settlement and the application for an award of attorneys' fees and expenses to the Court at least twenty-one (21) calendar days before the Settlement Hearing. The Parties shall file with the Court any responses to any objections filed pursuant to ¶ 9 below at least seven (7) calendar days prior to the Settlement Hearing.

9. Any Walgreens Shareholder may appear and show cause why the Settlement should not be approved as fair, reasonable, and adequate or why a Final Judgment and Order should not be entered herein, or why the application for attorneys' fees and expenses should not

be granted; *provided that* no later than fourteen (14) calendar days prior to the Settlement Hearing, such Person shall file with the Clerk of the Court, United States District Court, Northern District of Illinois, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604: (a) a written notice of the intention to appear, or, if the Walgreens Shareholder does not intend to appear, a written objection to the Settlement; (b) proof of ownership of Walgreens common stock as well as documentary evidence of when such stock ownership was acquired; (c) a detailed statement of the matters to be presented to the Court; and (d) the grounds therefore or the reasons why such Person desires to appear and to be heard, as well as all documents and writings supporting such position. In addition, upon or before filing such papers with the Clerk of the Court, such papers shall be served by hand or overnight mail on the following counsel of record:

> Christine S. Azar
> LABATON SUCHAROW LLP
> 300 Delaware Avenue, Suite 1225
> Wilmington, DE 19801
> Tel: (302) 573-2530
>
> and
>
> Gregg S. Levin
> MOTLEY RICE LLC
> 28 Bridgeside Blvd.
> Mt. Pleasant, SC 29464
> Tel: (843) 216-9512
>
> *Co-Lead Counsel for Plaintiffs*
>
> and
>
> Stephen R. DiPrima
> WACHTELL, LIPTON, ROSEN & KATZ
> 51 West 52nd Street
> New York, NY 10019-6150
> Tel: (212) 403-1000

4

*Counsel for the Individual Defendants*

and

Kristen R. Seeger
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL  60603
Tel:  (312) 853-7450

*Counsel for Nominal Defendant Walgreens*

10. Any person who fails to object in the manner prescribed above shall be deemed to have waived such objections and shall be forever barred from raising such objection or otherwise contesting the Settlement, including any award of attorneys' fees and expenses, and the Final Judgment and Order in this or any other action or proceeding.

11. Pending final determination of whether the Settlement and Stipulation should be approved, all proceedings in the Action, other than proceedings necessary to carry out the terms and conditions of the Settlement, are preliminarily enjoined, and the Releasing Parties are barred and enjoined from (a) commencing, maintaining, or prosecuting any action or proceeding against the Released Parties asserting any of the Released Claims, either directly, representatively, derivatively or in any other capacity against any of the Released Parties, or (b) challenging the Settlement other than in this Action in accordance with the procedures established by the Court, provided that nothing herein shall in any way impair or restrict the rights of any Party to enforce the terms of the Stipulation.

12. Neither the Stipulation, nor the Exhibits thereto, nor any document referred to therein, nor any action taken to carry out the Stipulation is, may be construed as, or may be used as an admission by or against the Released Parties, or any of them individually, of any fault, wrongdoing or liability whatsoever.

13. In the event the Settlement is not approved by the Court or is terminated for any reason, the Settlement shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or referred to in any actions or proceedings by any Person, and each Party shall be restored to his, her or its respective position as of June 26, 2014.

14. The Court shall retain jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

IT IS SO ORDERED.

DATED: September 19, 2014

_____
THE HONORABLE JOAN H. LEFKOW