# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE WALGREEN CO. DERIVATIVE LITIGATION

Lead Case No. 1:13-cv-05471

Hon. Joan H. Lefkow

## [PROPOSED] FINAL JUDGMENT AND ORDER

WHEREAS, this Court having considered the Stipulation and Agreement of Settlement dated September 11, 2014, and its exhibits (the "Stipulation"), between (a) co-lead plaintiffs Steamfitters Local #449 Retirement Security Fund, West Palm Beach Police Pension Fund, the Police Retirement System of St. Louis, and Miami Firefighters' Relief and Pension Fund (collectively, "Derivative Plaintiffs"), on behalf of themselves and derivatively on behalf of Walgreen Co. ("Walgreens"), (b) nominal defendant Walgreens, and (c) individual defendants James Skinner, Gregory Wasson, Janice Babiak, David Brailer, Steven Davis, William Foote, Mark Frissora, Ginger Graham, Alan McNally, Nancy Schlichting, and Alejandro Silva (collectively with Walgreens, the "Defendants"), and having held a hearing on _____, 2014 (the "Settlement Hearing"), and having considered all papers filed and proceedings herein, and otherwise being fully informed, and good cause appearing therefor;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. For purposes of this Final Judgment and Order (the "Judgment"), the Court incorporates by reference the definitions in the Stipulation and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation unless otherwise defined herein.

2. The Court has jurisdiction over the subject matter of the Action, including all matters necessary to effectuate the Settlement, and over all Parties.

3. In accordance with the Preliminary Approval Order, Walgreens caused notice to be made to Walgreens shareholders. The form and manner of the notice given to Walgreens Shareholders is hereby determined to have been: (i) the best notice practicable under the circumstances; (ii) reasonably calculated, under the circumstances, to apprise all Walgreens Shareholders who could reasonably be identified of the pendency of the Action, the terms of the Settlement, and Walgreens Shareholders' right to object to the Settlement or to Derivative Counsel's application for an award of attorneys' fees and expenses and to appear at the Settlement Hearing; and (iii) fully compliant with Federal Rule of Civil Procedure 23.1, the requirements of due process, and any other applicable law.

4. The Settlement Hearing was held before this Court on _____, 2014, to consider, among other things, whether the Derivative Plaintiffs adequately represent the interests of each Walgreens Shareholder in enforcing the rights of Walgreens, the Settlement should be approved, and Derivative Counsel's application for attorneys' fees and expenses should be granted.

5. The Court finds, for settlement purposes only, that: (1) the Action was properly brought as a shareholder derivative suit pursuant to Federal Rule of Civil Procedure 23.1; and (2) the Derivative Plaintiffs adequately represent the interests of each Walgreens Shareholder in enforcing the rights of Walgreens.

6. The Court finds, in accordance with Federal Rule of Civil Procedure 23.1, that the Settlement is fair, reasonable, adequate and in the best interests of Walgreens and each Walgreens Shareholder. The Court further finds the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of Walgreens,

Walgreens Shareholders, and Defendants. The Court has considered any submitted objections to the Settlement and hereby overrules them. Accordingly, this Court hereby approves the Settlement set forth in the Stipulation and directs the consummation and implementation thereof.

7. The Action is hereby dismissed with prejudice, with each side to bear its own costs and expenses, except as set forth in Paragraph 11 below.

8. Upon the Effective Date, each of the Releasing Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims as against the Released Parties; provided, however, that nothing herein shall in any way impair or restrict the rights of any Party to enforce the terms of the Stipulation.

9. Upon the Effective Date, each of the Releasing Parties will forever be barred and enjoined from taking any steps in furtherance of commencing, instituting, or prosecuting any of the Released Claims in any court, other forum, or proceeding. The Released Persons may file the Stipulation and/or the Final Judgment and Order in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

10. Upon the Effective Date, the Released Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Derivative Plaintiffs and Derivative Counsel from all claims or demands relating to or arising out of, or connected with the institution, prosecution, assertion, settlement, or resolution of the Action and/or the Released Claims; provided, however, that nothing herein shall in any way impair or restrict the rights of any Party to enforce the terms of the Stipulation.

11. Derivative Counsel are hereby awarded attorneys' fees and expenses in the amount of $_____ in connection with the Action, which sum the Court finds to be fair and reasonable and which will be paid by Walgreens or its insurers in accordance with the terms and subject to the conditions of the Stipulation.

12. Neither the Stipulation, nor any of its terms or provisions, nor any document referred to therein, nor the Exhibits thereto, nor entry of this Judgment, nor the fact of the Settlement, nor any action taken to carry out the Stipulation or the Settlement, is, may be construed as, or may be used as, evidence of the validity of any claim or as an admission by or against any of the Released Parties of any fault, wrongdoing, or concession of liability whatsoever. The Settlement and the Stipulation, and any and all negotiations, documents and discussions associated therewith, shall not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of equity or of any liability or wrongdoing by the Released Parties whatsoever, or of the truth of any of the claims or allegations made against any of the Defendants in the Action.

13. Without affecting the finality of this Judgment in any way, this Court retains jurisdiction over all matters related to the administration, consummation and enforcement of the terms of the Stipulation, the Settlement, and of the Judgment. Derivative Plaintiffs, Defendants, and Walgreens Shareholders are hereby deemed to have irrevocably submitted to the exclusive jurisdiction of the Court for the purpose of any suit, action, proceeding or dispute arising out of or relating to the Settlement or the Stipulation, and only for such purposes. Solely for purposes of such suit, action or proceeding, to the fullest extent they may effectively do so under applicable law, Derivative Plaintiffs, Defendants, and Walgreens Shareholders are hereby deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim

or objection that they are not subject to the jurisdiction of the Court, or that the Court is, in any way, an improper venue or an inconvenient forum.

14. In the event that the Settlement does not become effective or is terminated in accordance with the terms and provisions of the Stipulation, then this Judgment shall be rendered null and void and shall be vacated, and the Stipulation and all orders entered in connection therewith by this Court shall be rendered null and void, and the Parties shall be restored to their respective positions as of June 26, 2014.

15. The Court finds that no just reason exists for delay in entering final judgment in accordance with the Stipulation. Accordingly, the Clerk is hereby directed to enter this Judgment.

IT IS SO ORDERED.

DATED:_____    _____
                                 THE HONORABLE JOAN H. LEFKOW